# ORDER

VIRGINIA:

In the Court of Appeals of Virginia on Tuesday the 7th day of June 1994.

David I. Wynne, Appellant,

against

Commonwealth of Virginia, Appellee.

No. 0035-91-1

Before Judges Baker, Barrow, Coleman, Koontz, Willis, Elder, Fitzpatrick, and Senior Judge Cole.

---

COUNSEL

Frank K. Friedman (William B. Poff; Woods, Rogers & Hazlegrove, on briefs), for appellant.

Thomas C. Daniel, Assistant Attorney General (James S. Gilmore, III, Attorney General; Virginia B. Theisen, Assistant Attorney General, on brief), for appellee.

---

## UPON A REHEARING EN BANC

OPINION

On November 9, 1993, a panel of this Court affirmed the conviction of David I. Wynne (Wynne) for obtaining money by false pretenses under Code § 18.2-179. *Wynne v. Commonwealth*, 17 Va. App. 277, 437 S.E.2d 195 (1993). Wynne's petition for rehearing *en banc* was granted on December 20, 1993, the mandate of the November 9, 1993 opinion was stayed, and the issues were heard on April 5, 1994.

The facts prompting the criminal charge against Wynne are detailed in the prior opinion of the panel and, accordingly, will not be repeated here. The law applicable to this appeal is well estab-

lished. To sustain a conviction of larceny by false pretenses, the Commonwealth must prove: (a) that the accused intended to defraud; (b) that a fraud actually occurred; (c) that the accused used false pretenses to perpetrate the fraud; and (d) that the false pretenses induced the owner to part with his property. *Riegert v. Commonwealth*, 218 Va. 511, 518, 237 S.E.2d 803, 807 (1977); *see also Lund v. Commonwealth*, 217 Va. 688, 232 S.E.2d 745 (1977); *Watson v. Commonwealth*, 4 Va. App. 450, 358 S.E.2d 735 (1987).

Whether the Commonwealth relies upon either direct or circumstantial evidence, it is required to establish the guilt of the accused to the exclusion of a reasonable doubt. *Bridgeman v. Commonwealth*, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986). Here, the evidence does not establish beyond a reasonable doubt that the alleged false pretenses induced the owner to part with his property. To the contrary, the alleged victim stated that the representations made were not a determining factor in his decision to make a contribution to Wynne.

A majority of the Court having determined that the Commonwealth failed to establish one of the necessary elements of larceny by false pretenses, Wynne's conviction is reversed and the case against him is dismissed. Accordingly, the opinion previously rendered by a panel of this Court on November 9, 1993 is withdrawn, the stay of this Court's November 9, 1993 mandate is lifted, and its application is vacated.

Judges Barrow, Willis and Elder dissent and would affirm Wynne's conviction for the reasons stated in the majority opinion of the panel decision.

This order shall be published and certified to the trial court.