JUSTICE HASSELL
delivered the opinion of the Court.
In this appeal of a civil action for forfeiture initiated pursuant to Code § 18.2-249, we consider whether there is a “substantial connection” between the forfeited items and illegal drug activity. ■
The Commonwealth initiated this proceeding by filing an information for forfeiture against Herbert Lee, Pamela Denise Montague, $2,881 in United States currency, and a 1987 Nissan Pathfinder. The Commonwealth alleged that the currency and the vehicle were items “used in substantial connection with or exchanged for, or traceable to an exchange for . . . cocaine.” Lee and his sister, Montague, contested the forfeiture and the trial court, sitting without a jury, found that the currency and the vehicle were used by Herbert Lee in substantial connection with the possession of cocaine with the intent to distribute. The court entered a judgment approving forfeiture of the seized items. Lee and Montague appeal.
We will review the evidence and all reasonable inferences fairly deduced therefrom in the light most favorable to the Commonwealth, the prevailing party below.
On March 15, 1995, Chesterfield County detectives, Will Morgan and Graham Powell, were involved in a surveillance operation and “an undercover” purchase of cocaine. About 9:45 p.m., Powell entered the parking lot of a restaurant in Chesterfield County where he met Chance Taylor, who was operating a white van. Powell gave Taylor a quantity of cash and asked Taylor for some cocaine. Taylor stated that he “had to go to meet his man and get the drugs and bring them back to [Powell].”
Subsequently, Lee, operating the Nissan Pathfinder, drove his vehicle into the parking lot and “pulled up nose-to-nose with the van.” Lee alighted from the Pathfinder and met with Taylor. Then, Lee entered the Pathfinder and drove the vehicle from the parking lot *224 to his apartment. Taylor gave the drugs to Powell. The drugs were tested and identified as cocaine.
On March 24, 1995, Powell made another purchase of cocaine from Taylor at the same parking lot. On this occasion, however, Powell used a pager to contact Taylor before the transaction. Taylor called Powell by telephone and informed him that Taylor would meet Powell in the parking lot in 20 minutes because Taylor “had to go to meet his man.” When Taylor arrived at the parking lot, Taylor had already obtained the cocaine. Lee’s Pathfinder was observed near the parking lot.
In May 1995, the police executed a search warrant of Lee’s apartment. The police seized a bag containing powder residue, the Nissan Pathfinder, a pistol, and $2,881 in currency. Lee admitted to the police officers that he sold “about eight to nine ounces a week of cocaine.” The police also found records detailing drug transactions. The records of the drug transactions “correlate with the amounts [of cocaine] that were sold.” Lee also informed the police officers that even though the Nissan Pathfinder was registered in Montague’s name, “it was his vehicle, [and] he had it in her name for insurance purposes only, because the insurance was so high with his driving being a young . . . unmarried male, under 25.”
The defendants argue that the Commonwealth failed to present sufficient evidence at trial that the currency and Pathfinder were used in substantial connection with, or derived from, the illegal sale of the cocaine and, therefore, a judgment should not have been entered in favor of the Commonwealth. The Commonwealth asserts that it presented evidence sufficient to permit the fact finder to find a substantial connection between the Pathfinder, the money, and the cocaine.
Code § 18.2-249, which permits the seizure of property used in connection with or derived from illegal drug transactions, states, in relevant part:
“A. The following property shall be subject to lawful seizure by any officer charged with enforcing the provisions of this article: (i) all money .. . motor vehicles, and all other personal and real property of any kind or character, used in substantial connection with the illegal manufacture, sale or distribution of controlled substances or possession with intent to sell or distribute controlled substances ... and (iii) all moneys or other property, real or personal, traceable to such an exchange, together with *225 any interest or profits derived from the investment of such money or other property.”
(Emphasis added.) Code § 19.2-386.10 provides that the Commonwealth has the burden of proving that the property is subject to forfeiture and that the “proof of all issues shall be by a preponderance of the evidence.”
We have not had an occasion to discuss the phrase “substantial connection” in the context of Code § 18.2-249. However, federal appellate courts which have applied 21 U.S.C. § 881, a federal civil forfeiture statute, have held that a “substantial connection” must exist between the property subject to forfeiture and the illegal drug activity. See United States v. Santoro, 866 F.2d 1538, 1541-42 (4th Cir. 1989). These courts have also discussed the meaning of the phrase “substantial connection.” For example, the United States Court of Appeals for the Fourth Circuit has stated:
“This standard is a common sense interpretation of the statute, which is consonant with the congressional intent that the instrumentalities of the drug trade be reached, while ensuring that property only fortuitously connected with drug trafficking be preserved.”
Id. at 1542; accord United States v. Two Tracts of Real Property, 998 F.2d 204, 211 (4th Cir. 1993); United States v. $95,945.18, U.S. Currency, 913 F.2d 1106, 1110 (4th Cir. 1990); United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990). The “substantial connection” test requires that the property subject to forfeiture must have more than an incidental or fortuitous connection to the criminal activity. Schifferli, 895 F.2d at 990.
We are of opinion that a common sense interpretation of the phrase “substantial connection” contained in Code § 18.2-249 is consistent with the General Assembly’s intent to remove from drug traffickers the instrumentalities employed in the furtherance of the drug trade rather than property only incidentally or fortuitously associated with such criminal activity. Applying this standard, we hold that the Commonwealth established by a preponderance of the evidence a substantial connection between Lee’s drug activity and the Nissan Pathfinder and the cash.
According to Lee’s statements to the detectives, he considered himself to be the “owner” of the vehicle that was registered in his sister’s name. The evidence reveals that Lee was a co-owner of the *226 Pathfinder before 1994 and that his name appears on the bill of sale. Lee admitted that he sold “eight to nine ounces” of cocaine each week. On both occasions when Powell gave Taylor cash to purchase the cocaine, Taylor told Powell that Taylor “had to go to meet his man and get the drugs.” The fact finder was entitled to infer that Lee was “the man” who provided the drugs to Taylor and that, on March 15, 1995, Lee used the Pathfinder to transport himself and the drugs to the parking lot where the illegal transaction occurred.
As we have already mentioned, Lee admitted that the large amount of cash found in the apartment belonged to him and that he sold “eight to nine ounces” of cocaine weekly. A pistol, baggies, and records of drug transactions, which correlate to the quantity of drugs that Lee sold weekly, were also found in his apartment. This evidence is sufficient to establish a substantial connection between the money and Lee’s illegal drug trafficking activities.
Accordingly, we will affirm the judgment of the trial court.

Affirmed.