COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


ANTHONY SEABORNE

MEMORANDUM OPINION[*] BY
v.    Record No. 1546-98-1          JUDGE ROSEMARIE ANNUNZIATA
                                        MAY 11, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Westbrook J. Parker, Judge

(Shavaughn N. Banks, Assistant Public
Defender, on brief), for appellant.
Appellant submitting on brief.

Virginia B. Theisen, Assistant Attorney
General (Mark L. Earley, Attorney General,
on brief), for appellee.


Anthony Seaborne ("appellant") appeals his bench trial

conviction of grand larceny by false pretenses, contending the

evidence was insufficient to establish two elements of the

offense:  (1) that he acted with intent to defraud, and (2) that

the victim was induced to part with its property by false

pretenses.  We disagree and affirm appellant's conviction.

In reviewing the sufficiency of evidence on appeal, "the

appellate court must examine the evidence and all inferences

reasonably deducible therefrom in the light most favorable to the

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Commonwealth, the prevailing party in the trial court." Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998). "We may not disturb the trial court's judgment unless it is 'plainly wrong or without evidence to support it.'" Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998) (quoting Beavers v. Commonwealth, 245 Va. 268, 282, 427 S.E.2d 411, 421 (1993)).

Furthermore, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

To sustain a conviction of larceny by false pretenses, the Commonwealth must prove: (1) that the accused intended to defraud; (2) that a fraud actually occurred; (3) that the accused used false pretenses to perpetrate the fraud; and (4) that the false pretenses induced the owner to part with his property. See Wynne v. Commonwealth, 18 Va. App. 459, 460, 445 S.E.2d 160, 161 (1994) (en banc); Riegert v. Commonwealth, 218 Va. 511, 518, 237 S.E.2d 803, 807 (1977).

Viewed in the light most favorable to the Commonwealth, the evidence establishes that, in April 1997, Barbara Thomas Smith, a claims services specialist for the Hartford Insurance Company ("the Company"), issued and mailed a temporary total benefit check for $500 to appellant to pay a worker's compensation claim. Within an hour of sending the check, Smith learned appellant was ineligible for the payment. Smith unsuccessfully attempted to contact appellant on April 15 to advise him that his claim had been denied and that he should not cash the check. Smith left telephone messages for appellant on April 15 and 16, asking him to call her, and put a stop payment order on the check.

On the afternoon of April 16, appellant called Smith and advised her, upon inquiry, that he had not received the benefit check. Smith told appellant not to cash the check and asked him to return it upon receipt, advising him further that his compensation claim had been denied and that a stop payment order had been placed on the check. Smith cautioned appellant the check would "bounce" if he took it to the bank, stating she did not want him to "get in trouble." Appellant became angry when he learned his claim had been denied, telling Smith that he would not take the check to a bank and that he was going to hire a lawyer.

On the afternoon of April 17, 1997, appellant took the benefit check to Bunny's Pawn Shop, where it was cashed. Lisa Smith, an employee of the pawn shop, gave appellant $490 in cash, and Matthew Russo, another employee, deposited the check on the

- 3 -

same day.  The check was later returned with a stop payment notation on it.

After Russo learned from the Company that appellant had been notified of the stop payment order, he attempted to telephone appellant but spoke to appellant's brother instead.  Appellant did not return Russo's call.  Russo also sent appellant a certified letter reciting the details of the matter and disclosing his knowledge that the Company had notified appellant to return the check because of the stop payment order.  The letter directed appellant to contact the pawn shop immediately.  Although appellant received the certified letter, he failed to make the requested contact.[1]

When viewed in the light most favorable to the Commonwealth, the evidence establishes that appellant presented a check to Bunny's Pawn Shop for payment after Smith advised him not to do so because of the stop payment order.  Appellant's conduct is consistent with an intent to defraud.  See Grites v. Commonwealth, 9 Va. App. 51, 58, 384 S.E.2d 328, 332 (1989) (finding that the defendant's attempt to negotiate a check "in disregard of specific instructions not to do so," and in spite of several messages left at his residence that payment was going to be stopped, "is consistent with an intent to defraud").  The testimony of

---

[1]At trial, appellant acknowledged that his signature appeared on the receipt to the letter but testified that he did not recall receiving the letter.

appellant and his fiancée that appellant had already cashed the check before speaking with Barbara Smith is not material to our resolution of the issue on appeal. "An appellate court must discard all evidence of the accused that conflicts with that of the Commonwealth and regard as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom." Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993). In addition to the evidence that appellant cashed the check with knowledge of the Company's stop payment order, appellant's failure to contact Bunny's Pawn Shop about the check after receiving a certified letter to do so further establishes his intent to defraud. See Riegert, 218 Va. at 519, 237 S.E.2d at 808 (stating that, in order to determine whether the intent to defraud existed, "the conduct and representations of the accused must be examined, since intent is 'a secret operation of the mind'" (quoting Trogdon v. Commonwealth, 72 Va. (31 Gratt.) 862, 872 (1878))). Finally, we note that the credibility determination is solely within the province of the trier of fact who was free to disbelieve appellant's testimony and consider his lack of candor on the stand as evidence of his guilt. See Marable, 27 Va. App. at 509-10, 500 S.E.2d at 235. Based on the foregoing, we cannot say as a matter of law that the evidence was insufficient to establish appellant's intent to defraud beyond a reasonable doubt. See Grites, 9 Va. App. at 59, 384 S.E.2d at 333 (stating that the issue of whether a

criminal conviction is supported by evidence proving guilt beyond a reasonable doubt is a question of law).

Appellant's further claim that the evidence does not establish beyond a reasonable doubt that Bunny's Pawn Shop was induced to part with its property in reliance upon his false representation was not properly preserved at trial. The defendant made no motions to strike and limited his argument on summation to the intent to defraud element of the instant offense. The record further contains no motion to set aside the verdict on the ground appellant raises. Thus, appellant's claim is barred on appeal. See Rule 5A:18; Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc).

Finding no error, we affirm the conviction.

Affirmed.