Present:  All the Justices

MARK ANTHONY POWELL

v.  Record No. 032402        OPINION BY JUSTICE ELIZABETH B. LACY
                                   September 17, 2004

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Mark Anthony Powell seeks reversal of the judgment of the Court of Appeals affirming his convictions for violation of Code § 18.2-53.1, arguing that the evidence was insufficient to establish that he possessed a firearm in the commission of a felony.[1]

I.

On July 19, 2001, Powell and a friend hired a taxicab to take them from Norfolk to Portsmouth.  After a brief stop, Powell directed the taxicab to a clothing store.  Powell entered the store and told the clerk that he was looking for a present for his wife.  According to the clerk, while Powell was looking at the clothes, he kept "his left hand in his pocket the entire

_____

[1] Code § 18.2-53.1 provides, in pertinent part,

> It shall be unlawful for any person to use or
> attempt to use any pistol . . . or other firearm
> or display such weapon in a threatening manner
> while committing or attempting to commit . . .
> robbery . . . or abduction.  Violation of this
> section shall constitute a separate and distinct
> felony . . . .

time."  After selecting a pair of pants, he and the clerk proceeded to the cash register where the clerk's supervisor began conducting the transaction.

After confirming that no other people were currently in the store, Powell informed the employees that he had a pistol in his pocket.  Moving back and forth in a nervous, fidgety manner with his hand in his pocket, Powell told them not to move "and won't nobody get hurt."  Powell ordered the supervisor to open the cash register and give him all the money inside it, and she immediately complied.  With his hand still in his pocket, Powell directed the employees into a stockroom in the back of the store and made them lie down on the floor.  When he left the room, the employees watched him exit the building through a one-way mirror.  The supervisor then opened the stockroom door, ran to the front of the store, and observed Powell enter a taxicab.

Several minutes after Powell left the store, a police officer, alerted to the robbery, initiated a traffic stop on Powell's taxicab.  The officer waited for additional officers to arrive before approaching the vehicle.  Then the police officers

2

searched the taxicab and the surrounding area.  They found $196 in the taxicab, but no gun was ever located.

Powell admitted during questioning that he had told the store employees he had a gun, but insisted to the questioning detective that he, in fact, had not had one.  Powell was charged with one count of robbery, two counts of abduction, and three counts of the use of a firearm in the commission of these crimes.

At trial, the store employees and the taxicab driver testified that they never saw Powell with a gun or observed the outline of a gun in his clothing.  Neither the taxicab driver nor the police officer pursuing the taxicab saw Powell roll down his window or throw anything out of the taxicab.

The trial court denied Powell's motion to strike the abduction and firearms charges and convicted Powell of all offenses.  Powell appealed his firearm convictions to the Court of Appeals, arguing the evidence was insufficient to establish that he had actually possessed a firearm.  The Court of Appeals affirmed his firearm convictions in an unpublished order,

3

stating that Powell's declarations that he had a gun, "his assertive conduct," and the surrounding circumstances, including being fidgety and keeping his hand in his pocket, were an "implied assertion" that Powell possessed a firearm and therefore the evidence supported the convictions. Powell v. Commonwealth, No. 1490-02-1, (August 5, 2003). We awarded Powell an appeal.

## II.

To convict a person of using, attempting to use, or threatening to use a firearm in violation of Code § 18.2-53.1, the Commonwealth must prove that

> the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies.

Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994).

On appellate review, we view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth, the prevailing party below, and we will set

4

aside the judgment only if it is clearly wrong or unsupported by the evidence. Beavers v. Commonwealth, 245 Va. 268, 281-82, 427 S.E.2d 411, 421 (1993). Furthermore, proof of the crime must be established beyond a reasonable doubt. Rhodes v. Commonwealth, 238 Va. 480, 487, 384 S.E.2d 95, 99 (1989); Young v. Commonwealth, 185 Va. 1032, 1042, 40 S.E.2d 805, 810 (1947).

Powell asserts that the evidence is insufficient to support the firearms convictions because the Commonwealth's only proof that he had a firearm in his possession was the statements he made during the commission of the robbery and abductions. Powell argues that it may be reasonable to infer "that one who says he has a gun, has a gun," if there is no other evidence, but in this case Powell maintains that the Commonwealth's evidence "proves" that Powell did not have a gun.[2] We disagree.

_____

[2] Citing Jackson v. Commonwealth, 255 Va. 625, 499 S.E.2d 538 (1998), Powell argues that "a defendant's out of court statements alone are insufficient without some corroboration." However, Jackson and the cases it relies upon stand for the

5

The evidence in this case is virtually undisputed.  Powell told the victims that he had a gun and threatened to "hurt" them if they didn't follow his instructions.  While in the store Powell was "fidgety" and kept his hand in his pocket.  Neither the victims nor any other witness testified to seeing Powell with a gun or disposing of a gun, and no gun was recovered.  The police apprehended Powell in a very short period of time after he left the scene of the crimes, and for most but not all of that time he was observed by both the police officer following the taxicab in which Powell was riding and the driver of the taxicab.  Finally, there was evidence that a second passenger was in the taxicab with Powell, and although the record reflects

---

proposition that an extra-judicial confession is insufficient to establish the corpus delicti of a crime unless corroborated by other evidence.  In this case, as Powell recognizes, there was no confession.  Id. at 645-46, 499 S.E.2d at 551.  Powell's extra-judicial statement that he had a gun was a statement he made in the course of committing the crime.

that police officers searched the taxicab, nothing in the record indicates that the police ever searched Powell or his companion when apprehended or when transported to the police station.

It was the province of the trier of fact to consider all the evidence and resolve any conflicts. In this case, evidence that no gun was found conflicts with Powell's statements and actions during the commission of the offenses. The trier of fact resolved this conflict against Powell, and in doing so, necessarily concluded that Powell had a gun. In other words, resolution of the factual conflict in this manner established beyond a reasonable doubt that Powell had a gun. Based on this record we cannot say that the judgment of the trial court was plainly wrong or without evidence to support it.

For the reasons stated, we will affirm the judgment of the Court of Appeals.

<u>Affirmed.</u>

JUSTICE KOONTZ, dissenting.

I respectfully dissent. No principle in the criminal law is more fundamental and essential to the just resolution of a

7

criminal charge against an accused than the principle that the Commonwealth is required to prove the guilt of the accused beyond a reasonable doubt. Indeed, that burden of proof has constitutional status, for a conviction on legally insufficient evidence constitutes a denial of due process. Jackson v. Virginia, 443 U.S. 307, 309 (1979); Commonwealth v. Hudson, 265 Va. 505, 512, 578 S.E.2d 781, 785, cert. denied, ___ U.S. ___, 124 S.Ct. 444 (2003). In characterizing that exacting burden of proof, we have repeatedly stated that the evidence must exclude every reasonable hypothesis of innocence, and observed that evidence that creates a suspicion or probability of guilt is insufficient to support a conviction. Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994); Burrows v. Commonwealth, 224 Va. 317, 320, 295 S.E.2d 893, 895 (1982); Hyde v. Commonwealth, 217 Va. 950, 954-55, 234 S.E.2d 74, 77-78 (1977); see also Hudson, 265 Va. at 513, 578 S.E.2d at 785. In my view, the evidence in the present case fails, as a matter of law, to establish beyond a reasonable doubt that Mark Anthony Powell used a "pistol . . . or other firearm" in

violation of Code § 18.2-53.1 while committing the robbery and abductions of the employees of the clothing store.

The evidence was presented to the trial judge solely by the Commonwealth and, as correctly noted by the majority, is "virtually undisputed." On appeal, under familiar principles of appellate review, that evidence and all reasonable inferences therefrom are to be considered in the light most favorable to the Commonwealth. Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999). Beyond question, the evidence established that Powell asserted during the robbery and abductions that he had a gun in his pocket and his actions were consistent with that assertion. The store employees believed that Powell had a gun and were placed in fear for their personal safety as a result. In combination, those circumstances permitted Powell to accomplish his intent in committing those crimes. The Commonwealth was not required to prove that Powell actually had a gun to establish his culpability for the robbery and abductions of the store employees.

9

However, with regard to the Commonwealth's burden of proof to establish beyond a reasonable doubt that Powell was also guilty of violating Code § 18.2-53.1, the Commonwealth was required to prove that Powell "actually had a firearm in his possession" when he committed the robbery and abductions of the store employees. <u>Yarborough</u>, 247 Va. at 218, 441 S.E.2d at 344. To determine whether, as a matter of law, the Commonwealth met that burden of proof, Powell's assertion to the store employees that he had a gun cannot be considered in isolation or without consideration of the other undisputed evidence in the case. <u>Lee v. Commonwealth</u>, 253 Va. 222, 227, 482 S.E.2d 802, 805 (1997) (Koontz, J., dissenting); <u>see</u> <u>also</u> <u>Hankerson v. Moody</u>, 229 Va. 270, 274-75, 329 S.E.2d 791, 794 (1985); <u>Forbes v. Commonwealth</u>, 27 Va. App. 304, 312, 498 S.E.2d 457, 460 (1998); <u>Wynne v. Commonwealth</u>, 17 Va. App. 277, 283, 437 S.E.2d 195, 199 (1993) (Koontz, J., dissenting), <u>majority opinion withdrawn and different result reached on rehearing</u>, 18 Va. App. 459, 460, 445 S.E.2d 160, 161 (1994) (<u>en</u> <u>banc</u>).

The other undisputed evidence established that the store employees never saw a gun in Powell's possession or any object in Powell's pocket that indicated the presence of a concealed gun.  Following the robbery, one of the employees observed Powell entering and then fleeing in a waiting taxi which was occupied by another passenger in addition to the driver.[*] Shortly thereafter, police stopped the taxi and arrested Powell. The police recovered the money taken in the robbery from the back seat of the taxi.  When questioned later by a police detective, Powell admitted telling the store employees that he had a gun, but insisted that, in fact, he had not had one.  At trial, the taxi driver testified that he never saw a gun and that Powell had not thrown any object from the taxi.  A police officer testified that no "firearms or other weapons [were] recovered from the cab."

The totality of this evidence, considered in the light most favorable to the Commonwealth, undoubtedly creates a suspicion

_____

[*] There is no suggestion in the record that the passenger in the taxi was involved in the crimes, and the passenger was not

11

or even a probability that Powell actually possessed a gun when he committed the separate crimes of robbery and abduction of the store employees.  The same evidence, however, falls far short of establishing beyond a reasonable doubt that Powell actually possessed a gun during the commission of those crimes as required to establish that he was also guilty of violating Code § 18.2-53.1.  No gun was ever displayed, seen, or recovered and, under the particular circumstances of this case, the Commonwealth's evidence established that Powell had little if any opportunity to discard a gun before his arrest without being observed by the store employees, the taxi driver, or the police following behind the taxi.  When the totality of the undisputed evidence is considered, it requires, at best, speculation and conjecture to support the Commonwealth's supposition that Powell's assertion to the store employees that he had a gun was more than a pretext to accomplish the robbery and abductions.  A "verdict . . . based only upon speculation and conjecture . . . cannot be permitted to stand."  Dunn v. Commonwealth, 222 Va.

called as a witness at Powell's trial.

704, 705-06, 284 S.E.2d 792, 793 (1981); see also Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); Powers v. Commonwealth, 211 Va. 386, 389, 177 S.E.2d 628, 630 (1970).

An additional issue prompts my dissent in this case. The majority correctly notes that it was within the province of the trial judge to resolve factual conflicts in the evidence. Relying upon that principle, however, the majority then permits the reasonable doubt standard to be satisfied in this case on the basis that the trial judge factually concluded that when Powell asserted that he had a gun, he actually did have a gun, regardless of the other undisputed evidence suggesting the contrary. Under the particular circumstances of this case, this effectively eliminates the requirement for the Commonwealth to prove its case beyond a reasonable doubt. Whether a conviction is supported by sufficient evidence to prove the guilt of the accused beyond a reasonable doubt is not a question of fact, but one of law. To the extent that this distinction between issues of fact and law in the present case are not addressed in detail,

13

I write separately to emphasize that distinction to avoid the mischief that may occur in future cases in which the reasonable doubt standard is at issue.

For these reasons, I would reverse the judgment of the Court of Appeals and enter final judgment reversing Powell's convictions for violating Code § 18.2-53.1.