PETTY, J.,
with whom HUMPHREYS and O’BRIEN, JJ., join,
concurring, in part, and dissenting, in part.
The multiple protections which surround an accused in our criminal justice system are often mystifying to observers trained in other disciplines. We justify them by our overriding concern that no innocent person will be convicted in error.... Abhorrence of conviction of the innocent is not only the bedrock upon which our criminal justice system rests, it is also fundamental to the public perception of its fairness. Justice must not only be done; it must be seen to be done. A system which is perceived to be tolerant of the danger that an innocent person has been convicted, in order to punish him for some other act of which he is suspect, will forfeit public confidence.
Odum v. Commonwealth, 225 Va. 123, 135-36, 301 S.E.2d 145, 152 (1983) (Russell, J., dissenting).
I believe that Justice Russell’s prudent concern for the integrity of our judicial system reflects the prism through which this ease must be viewed. It is without question the Commonwealth failed to prove that Angela Maye Holt was guilty of the crime the Commonwealth accused her of committing.[6] However, rather than address the merits of Holt’s argument, the majority strictly applies Rule 5A:18 and allows the conviction to stand simply because her attorney failed to make the proper argument to the trial court. Because I believe that affirming such a conviction constitutes a miscarriage of justice in light of the affirmative evidence of innocence, I would consider Holt’s argument under the ends of *214 justice exception to Rule 5A:18. Therefore, I respectfully dissent as to that portion of the majority opinion.[7]
Rule 5A:18 provides that “[n]o ruling of the trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.” “The ends of justice exception is narrow and is to be used sparingly,” and applies only in the extraordinary situation where a miscarriage of justice has occurred. Redman v. Commonwealth, 25 Va.App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va.App. 126, 132, 380 S.E.2d 8, 10 (1989)). “In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.” Id. at 221-22, 487 S.E.2d at 273 (emphasis added). Thus, we must “determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.” Flanagan v. Commonwealth, 58 Va.App. 681, 695, 714 S.E.2d 212, 218 (2011) (emphasis added) (quoting Wheeler v. Commonwealth, 44 Va. App. 689, 692, 607 S.E.2d 133, 135 (2005)). Overall, the application of Rule 5A:18 is “to promote, not hinder, the administration of justice.” Jimenez v. Commonwealth, 241 Va. 244, 249, 402 S.E.2d 678, 680 (1991).
Code § 18.2-178(A) provides, in pertinent part, that “[i]f any person obtain, by any false pretense or token, from any person, with intent to defraud, money, a gift certificate or other property that may be the subject of larceny, he shall be deemed guilty of larceny thereof....” “To sustain a conviction of larceny by false pretenses, the Commonwealth must prove: (a) that the accused intended to defraud; (b) that a fraud actually occurred; (c) that the accused used false pretenses to perpetrate the fraud; and (d) that the false pretenses induced *215 the owner to part with his property.” Wynne v. Commonwealth, 18 Va.App. 459, 460, 445 S.E.2d 160, 161 (1994) (en banc).
The evidence in this case affirmatively establishes that two elements of the offense did not exist: no fraud actually occurred and, even if it did, Holt did not make a false pretense to perpetrate the fraud. Thus, I believe Holt has met her burden of establishing that a miscarriage of justice has occurred and that our consideration of her appeal under the ends of justice exception is warranted.
Holt was indicted for obtaining Banks’s money by allegedly falsely representing that she would deliver the Suburban to him when the final payment was made. The date of the offense in the amended indictment was March 2013 through July 29, 2013. The evidence, considered in the light most favorable to the Commonwealth, established that the sale agreement between Holt and Banks was made in March 2013 and that Banks completed payment on the Suburban in July 2013. Holt’s mother testified on behalf of the Commonwealth that on several occasions she witnessed Banks making payments on the car.
Banks testified that in exchange for the $900 he paid, he had sole possession of the Suburban after July 29, 2013 and that Holt signed the title over to him on that day. Banks further testified that the title, which was introduced into evidence, was signed by Holt in his presence and stated the terms of the sale as $900. On July 29, 2013, Banks received both possession of and title to the Suburban. Thus Holt fulfilled her part of the agreement.[8]
Simply put, the Commonwealth provided no evidence that by means of a false representation Holt obtained $900 from Banks without compensation. See Parker v. Commonwealth, 275 Va. 150, 154, 654 S.E.2d 580, 582 (2008). On the contrary, the evidence affirmatively established that Banks received the *216 bargained for consideration in return for his $900. Whatever happened after that, the sale was completed as of July 29. Thus, the evidence affirmatively shows that no “fraud actually occurred,” Wynne, 18 Va.App. at 460, 445 S.E.2d at 161, and the ends of justice exception to Rule 5A:18 is appropriate. The August 2013 actions of Holt’s boyfriend in taking possession of the Suburban from Banks, coupled with Holt’s attempt to reacquire title to the car, may have constituted a subsequent larceny of the Suburban. However, those actions do not establish that, five months earlier, Holt did not intend to do exactly what she actually did do; deliver to Banks possession of and title to the Suburban.
Further, even if I were to conclude to the contrary, the Commonwealth’s evidence affirmatively established that Holt did not obtain the purchase money by use of a false pretense. A criminal false pretense has been defined as “the false representation of a past or existing fact, whether by oral or written words or conduct, which is calculated to deceive, intended to deceive, and does in fact deceive, and by means of which one person obtains value from another without compensation.” Parker, 275 Va. at 154, 654 S.E.2d at 582 (quoting Hubbard v. Commonwealth, 201 Va. 61, 66, 109 S.E.2d 100, 104 (1959)). “The false pretense must be a false representation of an existing fact or past event.” Reid v. Commonwealth, 65 Va.App. 745, 753, 781 S.E.2d 373, 377 (2016) (quoting Watson v. Commonwealth, 4 Va.App. 450, 452, 358 S.E.2d 735, 736 (1987)). “False representations amounting to mere promises or statements of intention have reference to future events and are not criminal within the statute, even though they induce the party defrauded to part with his property.” Parker, 275 Va. at 154, 654 S.E.2d at 582 (quoting Hubbard, 201 Va. at 66, 109 S.E.2d at 104).
[F]or one to be guilty of the crime of larceny by false pretense, he must make a false representation of an existing fact with knowledge of its falsity and, on that basis, obtain from another person money or other property which may be the subject of larceny, with the intent to defraud.
*217 Lund v. Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977); see also Mosteller v. Commonwealth, 222 Va. 143, 147-48, 279 S.E.2d 380, 382 (1981) (reversing appellant’s conviction for false pretenses because the Commonwealth failed to show “that the misrepresentations to some degree induced the [victim] to pay money that it would not have paid absent the false pretenses”).
The only false representation alleged by the Commonwealth was that Holt never intended to deliver the Suburban in the future. The Commonwealth specifically argued that “[the] false representation was that she [Holt] would give over the car to Mr. Banks at the end of the transaction.” (Emphasis added). Even if one were to assume that Holt had no intention of delivering the Suburban to Banks as promised, that intent cannot be the basis for false pretense. The Supreme Court has recognized that even if the promise “induce[d] the party defrauded to part with his property” it is not a false pretense because it was a “mere promise[ ] or statement ] of intention with reference to future events.” Parker, 275 Va. at 154, 654 S.E.2d at 582. Simply put, misrepresentation of an intention to do something in the future cannot be the predicate representation for false pretenses. However, that was exactly the sole “false pretense” that the Commonwealth argued it had established.[9]
*218 I believe application of the ends of justice is appropriate because the evidence established that Holt employed neither a fraud nor a false pretense, and she was consequently convicted for conduct that was not a criminal offense. See Redman, 25 Va.App. at 221, 487 S.E.2d at 272. “The non-offense prong of the ends of justice analysis is similar to a legal impossibility analysis.” Masika v. Commonwealth, 63 Va.App. 330, 335, 757 S.E.2d 571, 573 (2014) (“Legal impossibility occurs when a defendant’s actions would not constitute a crime, even if they were carried out fully and exactly as he intended.”). Here, it is a legal impossibility to be guilty of larceny by false pretenses when the false representation made was one of future intent to complete the contract and the agreement was in fact completed as promised. Since the terms of the sale were $900 for possession of and title to the Suburban and that is the consideration Banks received, a larceny did not occur at all. Holt was convicted for conduct that was not a criminal offense. Here, “the evidence clearly and affirmatively shows that an element of one of the crimes of which [appellant] was convicted did not occur.” Ali v. Commonwealth, 280 Va. 665, 671, 701 S.E.2d 64, 68 (2010).
“Accordingly, there was error in the judgment appealed from and application of the ends of justice exception is necessary to avoid a grave injustice.” Id. I would reverse and dismiss the indictment.

. I recognize that Holt’s actions in obtaining a duplicate title from the DMV quite possibly constituted a criminal act. See Code §§ 46.2-105.1, 46.2-105.2 and 46.2-606. However, for reasons not apparent from the record, the Commonwealth did not elect to prosecute her for any offense other than embezzlement and larceny by false pretenses.

. I concur in Part 11(A) of the majority opinion addressing the scope of en banc review.

. In fact, the only reason Banks did not obtain a title in his name was his decision to keep the car insured under Holt’s insurance policy.

. Recognizing that this future promise could not constitute a false pretense under our existing case law, the majority reasons that because Holt and the victim were engaged in a romantic relationship, she might have made other undisclosed false representations to the victim. This ignores the express statement of the Commonwealth's Attorney that the false representation was her promise to deliver the car once it was paid for. Thus, this is not a case where we are left to speculate as to whether the Commonwealth simply forgot to introduce evidence to establish the existence of a false pretense. Rather, this is a case where the Commonwealth simply misunderstood the legal definition of a false pretense.
Alternatively, in an attempt to obviate the Commonwealth’s misunderstanding of the law, the majority also reasons that "the record in this case actually implies that Holt made a false representation of an existing fact [by misrepresenting] that the Suburban was actually for sale_" Supra at 211, 783 S.E.2d at 552. I fail to see to see how the record justifies such an inference when, as I have noted above, Holt *218 actually delivered to Banks possession of and title to the Suburban. To ignore this fact and then draw an inference of Holt’s unexpressed intent in May from the unforeseen events that occurred in August is, to me, an inference that we must reject because it "def[ies] logic and common sense.” Fox Rest Assocs., L.P. v. Little, 282 Va. 277, 283, 717 S.E.2d 126, 131 (2011) (explaining that an inference is not reasonable and should be rejected if "it would defy logic and common sense” (quoting TB Venture, LLC v. Arlington County, 280 Va. 558, 562-63, 701 S.E.2d 791, 793 (2010))).