PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

                                          OPINION BY
v.  Record No. 180322                       JUSTICE D. ARTHUR KELSEY
                                     FEBRUARY 21, 2019

BRIAN KEITH HALL

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Robert M.D. Turk, Judge

The Commonwealth appeals the trial court's denial of an information for the forfeiture of a vehicle used by Brian Keith Hall during a sale of illegal drugs.  The trial court held that Code § 19.2-386.22(A), the applicable civil forfeiture statute, does not authorize the forfeiture of property used in a single episode of illegal drug distribution.  Disagreeing with this interpretation of the statute, we reverse and remand.

I.

In June 2016, a regional drug task force conducted a sting operation in Christiansburg, Virginia.  A confidential informant arranged to buy oxycodone pills from Hall in a business parking lot.  At the appointed time, Hall arrived at the parking lot in a pickup truck.  A police officer watched the informant approach Hall and conduct the transaction.  Afterwards, Hall drove away, and the informant delivered the drugs to the officer.  The entire episode — Hall transporting himself and the drugs to the parking lot, exchanging cash for the drugs, and leaving the scene of the crime — occurred while Hall was seated in his pickup truck.  A grand jury indicted Hall for the distribution of a controlled substance in violation of Code § 18.2-248(C).  Hall pleaded guilty, and the trial court convicted him of that offense.

Pursuant to Code § 19.2-386.1, the Commonwealth filed an information for the civil forfeiture of the pickup truck.  After obtaining a seizure warrant, the Commonwealth seized the

truck. Relying on undisputed evidence,[1] the Commonwealth argued that Hall had used the pickup truck in "substantial connection" with the illegal distribution of a controlled substance, thus subjecting the truck to forfeiture under Code § 19.2-386.22(A). In its letter opinion, the trial court rejected this argument and found that "based on the evidence, the Commonwealth has failed to meet its burden in establishing that this truck was used in substantial connection with the illegal distribution of [a] controlled substance[]." J.A. at 6. The court reasoned: "*Other than this one time incident*, the Commonwealth presented no *other* evidence that this vehicle had been used in the sale or distribution of an illegal substance(s)." *Id.* at 7 (emphases added).

The Commonwealth filed a motion to reconsider, arguing that "[t]here is no requirement that the Commonwealth ha[s] to prove the property was used in more than one illegal drug transaction." *Id.* at 8 (relying primarily on *Lee v. Commonwealth*, 253 Va. 222 (1997)). Rejecting the motion to reconsider, the trial court entered a final order denying the forfeiture and striking the civil forfeiture action from the docket.

## II.

On appeal, the Commonwealth argues that the trial court erred as a matter of law in interpreting Code § 19.2-386.22(A) to require that a vehicle be used more than once in a drug transaction before it can be subject to civil forfeiture.[2] The undisputed facts proved that Hall's one-time use of his pickup truck rendered it subject to civil forfeiture. We agree.

---

[1] The trial court adopted an Agreed Written Statement of Facts in which the parties had restated the evidence.

[2] Another circuit court has employed similar reasoning to that of the trial court here. *See Commonwealth v. One 1997 Acura*, No. CL11-2315, 2013 WL 12373916, at *2 (Va. Cir. Ct. June 20, 2013) ("[T]he vehicle in question only appears to have been used once in connection with drug activity. As such, its use was incidental or fortuitously associated with the criminal activity.").

2

A.

The General Assembly "has the power to provide for the forfeiture of property used in the violation of a penal statute." *McNelis v. Commonwealth*, 171 Va. 471, 475 (1938). One of several civil forfeiture statutes in Virginia,[3] Code § 19.2-386.22(A) states in pertinent part that property "subject to lawful seizure" includes "all . . . motor vehicles . . . used in substantial connection with . . . the illegal manufacture, sale or distribution of controlled substances or possession with intent to sell or distribute controlled substances in violation of § 18.2-248."[4] The statute speaks in the singular of "manufacture, sale or distribution" and "possession." *Id.* Nothing in the text of this statute states that forfeiture requires a showing of more than one episode of the illegal manufacture, sale, distribution, or possession of controlled substances.[5]

Interpreting the predecessor statute of Code § 19.2-386.22(A) in *Lee*, we examined the meaning of "substantial connection." That phrase, we observed, had been interpreted and applied several times by the United States Court of Appeals for the Fourth Circuit analyzing a federal civil forfeiture statute. *Lee*, 253 Va. at 225 (relying on *United States v. Two Tracts of Real Prop.,* 998 F.2d 204, 210-11 & n.9 (4th Cir. 1993); *United States v. $95,945.18, U.S. Currency,* 913 F.2d 1106, 1110 (4th Cir. 1990); *United States v. Schifferli,* 895 F.2d 987, 990 (4th Cir. 1990); *United States v. Santoro,* 866 F.2d 1538, 1542 (4th Cir. 1989)). We adopted the

---

[3] *See e.g.*, Code §§ 19.2-386.15 to .22, .26 to .35. *See generally* 5 Ronald J. Bacigal, Virginia Practice Series: Criminal Procedure § 6:7, at 200-04 (2018-2019 ed.).

[4] The legislative intent was "to remove from drug traffickers the instrumentalities employed in the furtherance of the drug trade." *Lee*, 253 Va. at 225; *see* John L. Costello, Virginia Criminal Law and Procedure § 69.1, at 1257 (4th ed. 2008) (stating that civil forfeiture is "a device to remove the instrumentalities and profits of crime from public access").

[5] Although the headline of this statutory section references "drug transactions" in the plural, Code § 19.2-386.22, "the headline of a Code section is not part of the statutory language and does not have the force of law," *Butler v. Fairfax Cty. Sch. Bd.*, 291 Va. 32, 38 (2015) (citing Code § 1-217).

federal court's interpretation as our own in construing the substantial-connection standard in what is now Code § 19.2-386.22(A). *See Lee*, 253 Va. at 225.

Under this line of precedent, the substantial-connection standard does not turn upon the "type or size of transactions," but rather, "a *single* felony drug violation is all that is necessary to trigger" a forfeiture. *Two Tracts of Real Prop.*, 998 F.2d at 211 (emphasis in original) (citation omitted). "Just one use of the property may be enough" because the forfeiture statute imposes "no requirement of a continuing drug business or ongoing operation." *Schifferli*, 895 F.2d at 990 (citation omitted).[6] The standard is thus qualitative, not quantitative. "Congress has set no quantity limits on these predicate acts," the Fourth Circuit observed, "and consequently, we cannot." *Santoro*, 866 F.2d at 1542. The same conclusion is true of the General Assembly's enactment of Code § 19.2-386.22(A) and of our inability, as well as our disinclination, to rewrite the statute under "the subtle 'guise of judicial interpretation.'" *Tvardek v. Powhatan Vill. Homeowners Ass'n*, 291 Va. 269, 278 (2016) (citation omitted).

The substantial-connection standard can best be understood by considering what it is not. A substantial connection does not mean that "the property's role in the crime is integral, essential or indispensable." *Schifferli*, 895 F.2d at 990. Substantial simply means *not* insubstantial. A substantial connection, therefore, must be more than an "incidental or fortuitous" connection with illegal drug activity. *Lee*, 253 Va. at 225. For example, when a drug smuggler drives over someone else's private driveway on the way to make a drug transaction, the real property

---

[6] *See, e.g.*, *United States v. 1966 Beechcraft Aircraft*, 777 F.2d 947, 953 (4th Cir. 1985) (holding that "the use of an airplane or other vehicle or vessel to transport conspirators to the scene of a drug sale subjects that conveyance to forfeiture"). The Fourth Circuit later reinforced this holding by emphasizing that the airplane in *1966 Beechcraft Aircraft* was still subject to forfeiture even though it was "used only once to transport two co-conspirators to the site of a cocaine sale" and even though it "served other legitimate uses." *Schifferli*, 895 F.2d at 991.

underneath the smuggler's tires cannot be fairly said to have had a substantial connection to the smuggler's illegal activity. *Two Tracts of Real Prop.*, 998 F.2d at 206, 212. The same can be said of a bag of groceries in the backseat, a birthday present in the trunk, or a load of mulch in the bed of a pickup truck.

The facts in *Lee* closely parallel the undisputed facts of this case. In *Lee*, police officers conducted a drug sting involving two purchases of controlled substances. 253 Va. at 223-24. The first episode occurred in a parking lot. A drug dealer met an undercover officer who said that he wanted to buy cocaine. The dealer said that he "had to go to meet his man and get the drugs" before giving them to the undercover officer. *Id.* at 223. The defendant thereafter drove to the parking lot and gave the requested cocaine to the drug dealer who, in turn, handed over the drugs to the undercover officer. After meeting with the drug dealer, the defendant drove away in the same vehicle. During the second episode, the drug dealer met the undercover officer in the same parking lot to sell him cocaine. In this second episode, however, the officer did not see the defendant but did observe his vehicle somewhere "near the parking lot." *Id.* at 224.

Applying the substantial-connection standard, *Lee* held that the defendant's vehicle was subject to civil forfeiture because the Commonwealth had met its burden of proving that the defendant had used the vehicle in substantial connection with the illegal drug activity. We reasoned that during the first episode, the defendant had "used the [vehicle] to transport himself and the drugs to the parking lot where the illegal transaction occurred." *Id.* at 226. We did not comment upon, or base our decision upon, any potential inference about the defendant's role in the second episode. Our reasoning necessarily rejected the idea that the civil forfeiture statute requires more than one use of a vehicle in illegal drug activity before the vehicle can be subject to forfeiture. We now confirm that no such requirement exists. Civil forfeiture under Code

5

§ 19.2-386.22(A) does not require a certain number of uses but instead requires that the vehicle be used, whether one or several times, in substantial connection with illegal drug activity.

## B.

Here, as previously stated, the entire episode — Hall transporting himself and the drugs to the parking lot, exchanging cash for the drugs, and leaving the scene of the crime — occurred while Hall was seated in his pickup truck. The connection between Hall's use of a vehicle in this manner and his illegal activity can hardly be said to be incidental or fortuitous. Rather, it was consequential and purposeful. The undisputed facts thus prove by clear and convincing evidence that Hall used the pickup truck in substantial connection with the illegal distribution of a controlled substance.[7] The trial court implied as much in its observation that "[*o*]*ther than this one time incident*" there was no "*other* evidence that this vehicle had been used in the sale or distribution of an illegal substance(s)." J.A. at 7 (emphases added). Because no other evidence was required, the trial court erred in declaring the vehicle not subject to forfeiture under Code § 19.2-386.22(A).

## III.

For these reasons, we reverse the trial court's order denying the Commonwealth's information for forfeiture and remand this proceeding for the entry of requisite orders pursuant to Code § 19.2-386.22(B) and consistent with this opinion.[8]

*Reversed and remanded.*

---

[7] The General Assembly amended Code § 19.2-386.10(A) in 2016 to require the Commonwealth to prove "that the property is subject to forfeiture" by "clear and convincing evidence" rather than by "a preponderance of the evidence." 2016 Acts ch. 664, at 1339.

[8] The record reflects that the Commonwealth made a Motion to Stay Execution of Order Pending Appeal. The trial court did not rule upon this motion and thereafter entered its final order without addressing it.