UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, Athey and Senior Judge Frank
Argued at Hampton, Virginia


EDWARD HINES SIGLER

                                                   MEMORANDUM OPINION[*] BY
v.         Record No. 0793-21-1                   JUDGE ROBERT P. FRANK
                                                    MARCH 15, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Charles E. Haden for appellant.

Mason D. Williams, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.


Edward Hines Sigler (appellant) appeals his convictions, following a bench trial, for two

counts of breaking and entering, in violation of Code § 18.2-91; two counts of larceny, third or

subsequent offense, in violation of Code §§ 18.2-103, -104[2]; one count of larceny with intent to

sell, in violation of Code § 18.2-108.01; and two misdemeanor counts of obtaining money by

false pretenses, in violation of Code § 18.2-178.  Appellant challenges the sufficiency of the

evidence underlying his convictions.  We affirm but remand to the trial court for the limited

purpose of correcting the sentencing orders.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] The legislature repealed Code § 18.2-104, which provided for enhanced penalties for a third or subsequent larceny conviction, in 2021.  2021 Va. Acts (Sp. Sess. I) ch. 192.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of appellant's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

On May 4, 2019, Dennis VanCamp returned home to find that his back gate and back door were open. The back door was closed when he left home. VanCamp testified at trial that it appeared as if "[s]omeone [had] kicked it in or pushed it in." The Commonwealth submitted a photograph showing the doorjamb and trim lying on the ground. Upon investigating, VanCamp found that his laptop had been taken and his wife's jewelry box was open with several rings missing. He provided the missing laptop's serial number and purchase receipt to the police. According to the receipt, VanCamp paid $572.39 for the laptop and the laptop typically sold for $1,319.99. VanCamp never saw appellant and did not know him.

That same day, appellant sold a 14-karat gold ring and some scrap silver for which he purported to have authority to sell to Marque Staton at the Hampton Trading Post for $60. The ring matched a ring taken from the jewelry box in VanCamp's house. Staton testified that, consistent with state regulations, he records all purchases and seller information on a database called LeadsOnline that law enforcement can access. Daniel Lucy, a detective with the Hampton Police Department, testified that he used LeadsOnline to discover that appellant had sold a laptop on May 4, 2019 to Cash Converters for $200. That laptop's serial number matched the serial number VanCamp provided for his missing laptop.

On May 23, 2019, Darrell Snyder returned home to find his back door open. Like VanCamp, Snyder testified that there was damage to the door and the doorframe as if someone had kicked in the door. He testified that "[t]he door was split completely down the center" and "[t]he doorjamb was completely destroyed." The Commonwealth submitted photographs showing the extent of the damage. Upon investigation, Snyder discovered that some of his wife's jewelry was missing. Snyder's wife, Debra Richards, testified that many items were missing and that she ultimately recovered two pendants and a ring. Both Snyder and Richards testified that they did not know appellant and had never seen him in their home. On May 23, 2019, appellant sold a gold ring and two gold pendant charms for which he purported to have authority to sell to the Hampton Trading Post for $91.

After discovering the theft, Snyder spoke to his next-door neighbor, Michael Rolon. Rolon examined video from his home surveillance system, which showed appellant ringing Rolon's doorbell on May 23, 2019. When nobody answered, appellant walked toward Snyder's/Richards' house.

Appellant, through counsel, moved to strike the evidence at the close of the Commonwealth's case. Counsel conceded that the evidence considered in the light most favorable to the Commonwealth was sufficient to show that appellant "was in possession and transacted stolen property." Counsel stated, however, that "as far as the breaking and entering of those two charges, I'm making my motion to strike" and "respectfully, on the breaking and entering only, I would make a motion to strike on those two counts." The trial court denied appellant's motion.

Appellant testified in his defense. According to appellant, he did construction work near Snyder's/Richards' house in May 2019. His cell phone was not working on May 23, so he rang Rolon's doorbell to ask to use Rolon's telephone or Wi-Fi to make a call. He testified that, when

nobody answered, he also knocked on the door and rang the doorbell at Snyder's/Richards' house but did not open the gate.

Appellant testified that when he got home after work, an individual named Jacob Sampley texted him offering to sell him some jewelry. Appellant stated that he made money buying various items from Sampley and selling them. Appellant claimed that he went to Sampley's house, purchased the jewelry, and then sold the jewelry to the Hampton Trading Post. According to appellant, he gave Sampley's name to a detective who was not at the trial who determined that Sampley was wanted for "a bunch more larcenies and stuff." Appellant maintained that he did not know the items he bought from Sampley were stolen and that he never asked where Sampley got his merchandise. Rather, he explained that Sampley had just separated from his wife and that appellant believed that Sampley was "just selling off stuff." Appellant further admitted to selling VanCamp's laptop, which he asserted he had also purchased from Sampley. Finally, appellant conceded to having entered an *Alford*[3] plea to burglary and five counts of grand larceny in 2012 in Newport News, for which he received eight years in prison.

Appellant renewed his motion to strike and argued in closing that there was insufficient evidence connecting appellant to the offenses and that appellant's alternate explanation for possessing the stolen items was reasonable. The trial court found defendant guilty of all charges. The trial court sentenced appellant to twenty years' incarceration, with seventeen years and six months suspended, for each breaking and entering conviction; five years' incarceration, with two years and six months suspended, for each larceny, third or subsequent offense conviction; ten years' incarceration with seven years and six months suspended for the larceny with intent to sell conviction; and twelve months in jail, with twelve months suspended, for each misdemeanor

---

[3] *North Carolina v. Alford*, 400 U.S. 25 (1970).

obtain money by false pretenses conviction,[4] resulting in a total active sentence of twelve years and six months' incarceration. Appellant timely appealed.

## ANALYSIS

Appellant challenges the sufficiency of the evidence underlying his convictions. "When reviewing the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Yoder v. Commonwealth*, 298 Va. 180, 181-82 (2019) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"To sustain a conviction for statutory burglary under Code § 18.2-91, the Commonwealth must prove: (1) the accused . . . broke and entered the dwelling house in the daytime; and (2) the accused entered with the intent to commit any felony other than murder, rape, robbery or arson." *Speller v. Commonwealth*, 69 Va. App. 378, 387 (2018) (quoting *Robertson v. Commonwealth*,

---

[4] The final sentencing orders for appellant's larceny, third or subsequent offense and obtaining money by false pretenses convictions erroneously record those convictions as "Larceny w/Intent to Sell (F)." Consequently, we remand to the trial court solely for a correction of these clerical errors. *See* Code § 8.01-428(B); *Stevens v. Commonwealth*, 72 Va. App. 546, 560 n.5 (2020).

31 Va. App. 814, 820-21 (2000)).  The Commonwealth can establish a *prima facie* case by proving that the same person broke into a house and stole goods from that house at the same time and "proving that the goods were found soon thereafter in the possession of the accused." *Bright v. Commonwealth*, 4 Va. App. 248, 251 (1987).

Larceny is "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." *Bruhn v. Commonwealth*, 35 Va. App. 339, 343-44 (2001) (quoting *Jones v. Commonwealth*, 3 Va. App. 295, 300 (1986)).  Under the larceny with intent to sell statute in place at the time of the offense,[5] Code § 18.2-108.01 proscribes "commit[ting] larceny of property with a value of $500 or more with the intent to sell or distribute such property."  "It is well established that once the larceny is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." *Winston v. Commonwealth*, 26 Va. App. 746, 757 (1998) (internal quotation marks and alterations omitted).  Finally, to prove that a defendant obtained money by false pretenses, the Commonwealth must show "(a) that the accused intended to defraud; (b) that a fraud actually occurred; (c) that the accused used false pretenses to perpetrate the fraud; and (d) that the false pretenses induced the owner to part with his property." *Reid v. Commonwealth*, 65 Va. App. 745, 748-49 (2016) (quoting *Wynne v. Commonwealth*, 18 Va. App. 459, 460 (1994)).  Evidence that a defendant sold stolen items can support a conviction for obtaining money by false pretenses. *See Parks v. Commonwealth*, 221 Va. 492, 498 (1980).

---

[5] The legislature amended Code § 18.2-108.01(A) in 2020 to require the Commonwealth to prove that the property had a value of $1,000 or more.  2020 Va. Acts. ch. 89.  In closing argument at trial, appellant argued that the value of the goods was insufficient to support his conviction for larceny with intent to sell.  He does not make that argument on appeal, and the argument is accordingly waived.

Appellant's sole argument on appeal is that "the Commonwealth failed to prove beyond a reasonable doubt that [he] was the person who broke into" VanCamp's and Snyder's/Richards' houses. He does not challenge that the Commonwealth proved the elements of these offenses. He contends that no eyewitnesses nor any physical evidence link him to the offenses, nor did appellant give any confession or make any incriminating statements. He asserts that, aside from his possession of the stolen goods and evidence that he was in the Snyder's/Richards' neighborhood on May 23, 2019, the Commonwealth presented no evidence tying him to the burglaries. Although he concedes in his appellate brief that unexplained possession of recently stolen goods permits an inference of larceny by the possessor, he argues that he presented a plausible explanation for his possession.

"Merely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (alterations in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). "Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011)

(quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). The appellate court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Wright v. West*, 505 U.S. 277, 296-97 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

Accordingly, it was within the province of the fact finder whether to believe appellant's proffered explanation for his possession of stolen goods. In this case, the trial court could reasonably have disbelieved appellant's explanation. Appellant's wholly self-serving testimony relied on a dubious series of events that a reasonable fact finder could dismiss as too coincidental to be credible. In other words, the trial court did not plainly err in finding that appellant's explanation—that he coincidentally rang Snyder's/Richards' doorbell on the same day that his acquaintance Sampley broke into Snyder's/Richards' house, stole several items, and sold those items to appellant, who then sold them that same day while having no knowledge that they were stolen—was unreasonable.

Disregarding appellant's proffered explanation, the Commonwealth presented sufficient evidence to sustain each of appellant's convictions. The Commonwealth indisputably established that someone broke into VanCamp's house on May 4, 2019 and stole jewelry and a laptop and that someone broke into Snyder's/Richards' house on May 23, 2019 and stole jewelry. Further, the Commonwealth indisputably proved that on the same days as those burglaries appellant sold the items stolen from those houses. The Commonwealth proved that appellant had at least two prior larceny convictions. Under established case law, the trial court was permitted to infer from appellant's possession of the stolen goods that he committed the burglaries and larcenies. *Bright*, 4 Va. App. at 251. Further, the trial court could reasonably

conclude that when appellant sold the stolen items to the Hampton Trading Post, falsely presenting himself as the lawful possessor of the items, he obtained money by false pretenses.

CONCLUSION

The trial court's judgment was not plainly wrong or without evidence to support it. The evidence at trial sufficiently proved appellant committed the offenses of conviction. Accordingly, we affirm the convictions. We remand, however, for the limited purpose of correcting the sentencing orders to reflect the correct offenses of conviction.

*Affirmed and remanded*.