COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Felton and Senior Judge Annunziata[*]
Argued at Alexandria, Virginia


CLIFFORD WHEELER

v.      Record No. 2241-03-4

OPINION BY
JUDGE ROSEMARIE ANNUNZIATA
JANUARY 11, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Mark J. Yeager for appellant.

Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Clifford Wheeler was convicted on one count of possession of heroin in violation of Code

§ 18.2-250[1] and one count of possession of stolen stock certificates with a value in excess of

$200 in violation of Code §§ 18.2-108, 18.2-95.  Wheeler contends on appeal that stock

certificates have no intrinsic value and, therefore, that he was wrongfully convicted of possessing

stolen property with a value in excess of $200.  Finding no error, we affirm.

I.  Background

Applying established principles of appellate review, we review the evidence and all

reasonable inferences that may be drawn from the evidence in the light most favorable to the

Commonwealth as the party prevailing below.  Garcia v. Commonwealth, 40 Va. App. 184, 189,

---

[*] Judge Annunziata participated in the hearing and decision of this case prior to the effective date of her retirement on December 31, 2004 and thereafter by her designation as a senior judge pursuant to Code § 17.1-401.

[1] Wheeler's conviction on this charge is not challenged in this appeal.

578 S.E.2d 97, 99 (2003).  So viewed, the record establishes that Wheeler was found in possession of stolen stock certificates on September 22, 2000.  They were original stock certificates owned by Abbas Bashir-Elahi.  Bashir-Elahi testified at trial that the certificates, establishing his ownership of 700 shares of stock, had a value of approximately $21,000 on the date of the theft, August 29, 2000, and that he would seek to receive that amount in any sale of the certificates.  The value of the stock certificates was admitted without objection.

Wheeler was convicted as charged.  This appeal followed.

## II.  Analysis

Wheeler contends that he was erroneously convicted because stock certificates have no intrinsic value.  Wheeler acknowledges that he failed to raise this issue in the court below.  Under Rule 5A:18, his claim is, therefore, defaulted.  Wheeler contends, however, that we should apply the "ends of justice" exception to Rule 5A:18 because he would be the victim of a miscarriage of justice if his conviction were allowed to stand.   We disagree.

> The ends of justice exception to Rule 5A:18 is narrow and is to be used sparingly.  Michaels v. Commonwealth, 32 Va. App. 601, 608, 529 S.E.2d 822, 826 (2000).  Application of the ends of justice exception requires proof of an error that was "clear, substantial and material."  Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989).  "The record 'must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.'"  Akers v. Commonwealth, 31 Va. App. 521, 528 n.2, 525 S.E.2d 13, 16 n.2 (2000) (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997)).

Copeland v. Commonwealth, 42 Va. App. 424, 442, 592 S.E.2d 391, 399 (2004).  "In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth failed to prove an element of the offense."  Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272-73 (1997).  Rather, the "appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must

affirmatively prove that an element of the offense did not occur." Id. at 222, 487 S.E.2d at 273. Therefore, "[i]n examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense." Lewis v. Commonwealth, 43 Va. App. 126, 134, 596 S.E.2d 542, 546 (2004).

First, we are not persuaded by Wheeler's contention that he suffered a miscarriage of justice because stock certificates, as a matter of law, have no intrinsic value. In a case involving the unlawful conversion of stock certificates deposited at a bank as security for a $12,500 promissory note, the United States Supreme Court stated:

> Stock certificates are a peculiar kind of property. Although not negotiable paper, strictly speaking, they are the basis of commercial transactions large and small, and are frequently sold in open market as negotiable securities are. In Bank v. Lanier, [78 U.S. 369, 377,] 11 Wall. 369, 377, 378 [(1871)], this court said:
>
> "Stock certificates of all kinds have been constructed in a way to invite the confidence of business men, so that they have become the basis of commercial transactions in all the large cities of the country, and are sold in open market the same as other securities. Although neither in form or character negotiable paper, they approximate to it as nearly as practicable. . . . Whoever in good faith buys the stock, and produces to the corporation the certificates, regularly assigned, with power to transfer, is entitled to have the stock transferred to him."
>
> These principles are well known to business men and are constantly acted upon by them.

Nat'l Safe Deposit, Sav. & Trust Co. v. Hibbs, 229 U.S. 391, 394-95 (1913). Guided by the reasoning set forth in Hibbs, we conclude as a matter of law that stock certificates can have significant value and are readily transferable on "the open market the same as other securities."

Second, the record does not affirmatively show that a miscarriage of justice occurred. To the contrary, the record affirmatively shows that the Commonwealth established the value of the stock certificates at approximately $21,000. It is well established that "[t]he opinion testimony

of the owner of the stolen item generally is competent and admissible on the issue of the value of that property." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997). Thus, the trial court had credible evidence from which it could rationally conclude that the stock certificates had a value in excess of $200, satisfying the requirements of Code §§ 18.2-108 and 18.2-95 for conviction of grand larceny by receipt of stolen goods.

Finally, this Court's decision in Owolabi v. Commonwealth, 16 Va. App. 78, 428 S.E.2d 14 (1993), has no bearing on our determination that stock certificates can have significant value. In Owolabi, the defendant was charged with and convicted of grand larceny for fraudulently obtaining credit cards with lines of credit in excess of $200. Id. at 79, 428 S.E.2d at 14-15. We reversed the conviction because the Commonwealth presented no evidence of the value of the credit cards. Id. at 80, 428 S.E.2d at 15. Here, the evidence at trial established that the stock certificates had a value in excess of $200. Thus, Owolabi is inapposite.

For the reasons stated, we affirm Wheeler's conviction.

Affirmed.